## DUNCAN v. GREENVILLE CO.

DAMAGES.—A COUNTY is liable for damages resulting to a traveler from colliding with a heavily laden wagon used in repairing a highway, left standing in the public highway for several weeks unlighted.

Before TOWNSEND, J., Greenville, August, 1904.    Affirmed.

Action by Rosa Duncan against Greenville County.    From judgment overruling demurrer, defendant appeals.

*Messrs. T. K. Earle* and *Shuman & Muckenfuss,* for appellant, cite: 20 S. C., 116; 43 S. C., 398; 20 S. C., 495; 38 S. C., 282; 40 S. C., 390; 43 S. C., 398.

*Messrs. Blythe & Blythe,* contra, cite: 20 S. C., 495; 40 S. C., 392; 55 S. C., 423.

March 17, 1905. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The following complaint was exhibited by plaintiff against defendant in the Court of Common Pleas of Greenville County:

"I. That, as plaintiff is informed and believes, the defendant was, at the times hereinafter mentioned, and still is, a body politic and corporate, under and by virtue of the laws of this State, and as such was, and is, authorized to sue and be sued in any of the Courts of this State having jurisdiction.

"II. That, as plaintiff is informed and believes, it is the duty of the defendant, under the laws of this State, at all times to keep the public highways in Greenville County in good order and repair, so that persons using said highways for the purposes of travel may safely and conveniently pass along and over such highways in vehicles and otherwise.

"III. That among the public highways under the law, as plaintiff is informed and believes, it is the duty of the defendant to keep in good order and repair, is the public highway in said county extending from the city of Greenville through the town of Travellers Rest to the State of North Carolina, and is generally known as the Buncombe Road, and that said highway is one of the principle arteries of travel in said county.

"IV. That the defendant, in violation of the duty imposed upon it by law, negligently allowed said highway to become out of order and defective by placing and leaving in said highway, at a point about one mile from the corporate limits of the city of Greenville, a large and heavy wagon loaded with rock, which had been used in the repair of said highway, and by permitting said wagon so loaded to be left in said road for several weeks, unlighted and unguarded, so that

it was in such position a menace to the safety of travel and rendered said highway defective and unsafe.

"V. That on the 12th day of March, 1904, on the evening of said day, plaintiff was being driven along said public highway to the home of her son-in-law, near city of Greenville, in a carriage which was used as a public conveyance for the purpose of conveying the public generally for hire; that plaintiff was seated in said vehicle which was being driven by its regular driver; that while plaintiff was so traveling along said public highway, wholly unaware of danger, the vehicle in which she was riding collided with said loaded wagon, and plaintiff was thrown violently against the front seat of the vehicle in which she was riding, and suffered thereby the injuries hereinafter set forth.

"VI. That the injuries sustained by plaintiff were caused by the negligence of the defendant in allowing said public highway to become defective and unsafe by placing said loaded wagon upon, and allowing it to remain upon, said public highway, permitting it to so remain for several weeks, and in not placing lights upon such obstruction to warn travelers accustomed to use such public highway of its defective, unsafe and dangerous condition.

"VII. That by reason of the negligence of the defendant as above set forth, the plaintiff was rendered unconscious for a considerable space of time, her body and head were severely bruised and injured, two of her teeth were knocked out, and because of the injuries sustained by her, she suffered great physical pain and mental anguish, all to her damage in the sum of $500.

"VIII. That the injuries sustained by the plaintiff were caused by the negligence of the defendant as above set forth, and without any negligence on the part of the plaintiff, nor did she negligently contribute thereto; that the load upon the vehicle in which plaintiff was riding did not exceed the ordinary weight.

"Wherefore, plaintiff demands judgment for the said sum of $500, and for the costs of this action."

The defendant demurred on the ground that the complaint failed to state a cause of action. The hearing was had before Judge Townsend, who overruled the demurrer. The defendant then appealed on the ground that the Circuit Judge erred in holding that said complaint stated facts sufficient to constitute a cause of action, it not being alleged in said complaint that the injury or damage alleged to have been received by the plaintiff was received through defect in the repair of a highway; but, on the contrary, it being alleged therein, that the said injury or damage was received by defendant placing and leaving a wagon upon the highway described in the complaint.

Section 1347 of the Code of Laws of South Carolina, vol. 1, under which the action is brought, provides that damages can be recovered against the county not only for a defect in the repair of a highway, but for the defect or mismanagement of anything under control of said county. Section 1347 is as follows: "Any person who shall receive bodily injury or damage in his person or property through a defect or in the negligent repair of a highway, causeway or bridge, may recover in an action against the county the amount of actual damage sustained by him by reason thereof: *Provided,* Such person has not in any way brought about such injury or damage by his own act, or negligently contributed thereto. If such defect in any road, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured, if his load exceeded the ordinary weight: *Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanagement."

We are inclined to think that some force must be ascribed to the *proviso* in section 1347, which is as follows: "*Provided, further,* That such county shall not be liable unless such defect was occasioned by its neglect or mismanage-

ment." It seems to us that the disregard for the rights of the traveling public by these county authorities of Greenville can be covered, and will be covered by the language of this section 1347. We will not, however, deprive the county of the right to answer, so that the merits of this contention may be inquired into on both sides.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, and the action be remanded to the Circuit Court for such further proceedings as may be necessary.